—Appeal from a judgment of the Court of Claims in favor of claimant, entered April 4, 1950. Claimant was a patient in a State mental hospital where his personal control as well as treatment were managed by officers and employees of the State. In the course of an operation to correct an injury received during shock therapy, a drill point in an instrument used by the surgeon broke and was left in the bone. Leaving the drill point in the bone under the conditions existing during this operation was found by the Court of Claims not to have been negligent. But the court found that drainage from the wound started soon after the operation and that the hospital records showed infection at the site of operation; that nothing was done to investigate the source of the infection or to treat it other than “ occasional dressings and penicillin injections ” and that good medical practice required X-ray examination in these circumstances and that the State was negligent, among other things, in not taking steps to remedy the condition. Entirely apart from the question whether the State by section 8 of the Court of Claims Act has assumed responsibility for all the professional acts of physicians in its employ, which is not here decided, the State assumed a sufficient administrative control of the course of treatment of this claimant after his operation and of the claimant’s person to have bevn required to exercise the reasonable judgment of a competent nonmedical administrator of such a hospital. When it knew that a drill point had been left in a bone and was followed by continuous infection and drainage at the site of operation it could have been found by the court to have been required to have given directions for further and reasonably adequate medical investigation of the cause of and treatment for the condition. Judgment unanimously affirmed, with costs. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ. [198 Misc. 62.]